UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANDIT INDUSTRIES, INC., et al.,

       Plaintiffs,                            Civil Action No.
                                                  4:13-cv-12922

v.

                                                  HON. MARK A. GOLDSMITH

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

       Defendant.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY (DKT. 12),
ADMINISTRATIVELY CLOSING THE CASE, AND DENYING WITHOUT
PREJUDICE DEFENDANT'S MOTION TO DISMISS (DKT. 17)</u>**

      This case arises out of an agreement between Plaintiffs and Defendant Blue Cross and Blue Shield of Michigan. According to Plaintiffs, Bandit Industries, Inc. ("Bandit") and Defendant entered into a boilerplate Administrative Services Contract ("ASC") wherein Defendant agreed to administer Bandit Industries, Inc. Welfare Benefit Plan by paying covered employee health care claims on behalf of Bandit. Compl., ¶¶ 10, 12 (Dkt. 1). In exchange, Bandit would prepay the "pro rata cost of estimated Amounts Billed for that quarter, the pro rata cost of the estimated administrative charge for that contract year and the amount [Defendant] determined was necessary to maintain the prospective hospital reimbursement funding for that contract year." Id. at ¶ 19. Although Defendant was entitled to an administrative fee for its services, Plaintiffs allege that Defendant violated the Employee Retirement Income Security Act of 1974 (ERISA) by "skimming an additional administrative fee from the money Bandit provided to pay claims." Id. at ¶¶ 1, 16, 27 ("BCBSM implanted a scheme to secretly obtain more administrative compensation than it was entitled to."). As a result, Plaintiffs allege that,

among other things, Defendant breached its fiduciary duty and engaged in prohibited self-dealing in violation of ERISA. Id. at ¶¶ 80-94.

This is not the only case in the Eastern District of Michigan concerning the same allegations of Defendant allegedly "skimming an additional administrative fee" beyond that permitted by the ASC. There appear to be over thirty nearly identical cases in this District filed by various plaintiffs against Defendant. Indeed, following a bench trial in one of these matters, Judge Roberts entered judgment for plaintiffs and against Defendant. See Hi-Lex Controls, Inc. v. BCBSM, No. 11-12557, 2013 WL 2285453, at **30-31 (E.D. Mich. May 23, 2013). Defendant filed an appeal of that decision, which is currently pending before the Sixth Circuit.

Defendant believes that the instant matter may be resolved in its entirety depending on the disposition of its appeal in Hi-Lex. Accordingly, Defendant has filed a motion to stay the instant case pending resolution of that appeal. Def.'s Mot. at 4-5 (Dkt. 12). Plaintiffs do not dispute Defendant's contention that the Sixth Circuit's decision may resolve some, or even all, of this case; indeed, Plaintiffs acknowledge that this case concerns the "**same** facts, **same** claims, and **same** applicable law" as Hi-Lex. Pl.'s Resp. at 10 (Dkt. 14) (emphasis in original); see also Lumbermen's Inc. v. BCBSM, No. 12-15606, 2013 WL 3835339, at *1 (E.D. Mich. July 24, 2013) (Duggan, J.) ("[B]ecause any decision rendered by the Sixth Circuit Court of Appeals in BCBMS's appeal will surely influence, if not govern, the outcome of Plaintiffs' claims here, it would be unwise to proceed with the instant action prior to the Sixth Circuit's review of Judge Roberts' decision in Hi-Lex.").[1] Rather, Plaintiffs argue that granting a stay is inappropriate for two reasons: (1) the Sixth Circuit's decision in Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Michigan, 722 F.3d 861 (6th Cir. 2013) already resolved nearly all of the issues

---

[1] This is further highlighted by the fact that Judge Roberts has granted similar motions to stay in the cases before her pending the Sixth Circuit's decision on her rulings in the Hi-Lex case. See, e.g., Borroughs Corp., et al. v. BCBSM, No. 11-12565 (E.D. Mich. July 10, 2013) (Roberts, J.).

identified by Defendant in its Hi-Lex appeal and (2) collateral estoppel from the Hi-Lex judgment bars re-litigation of most of the issues in the instant case. Pl.'s Resp. at 13-19.

The Court notes that, of all the motions to stay Defendant has filed in the other cases pending in the Eastern District of Michigan, more than twenty-five have been granted. These rulings make sense in light of Plaintiffs' own admission that the cases generally concern the same facts, claims, and applicable law as the Hi-Lex matter. While Plaintiffs try to avoid the implications of such a concession by arguing that Defendant's appeal in Hi-Lex is doomed in light of the Sixth Circuit's decision in Pipefitters, this is nothing more than an improper attempt to litigate the appeal in this Court. See, e.g., Fisher & Co., Inc. v. BCBSM, No. 13-13221, 2013 WL 5476240, at *1 (E.D. Mich. Oct. 2, 2013) (citing Baker College, et al. v. BCBSM, No. 13-13226 (E.D. Mich. Sept. 11, 2013) (Plaintiff's argument that Pipefitters controls the appeal "is just an attempt to litigate the Hi-Lex appeal here")). Moreover, this case still is in its infancy and the Sixth Circuit has issued an order in Hi-Lex prohibiting any extensions in briefing "absent exceptional and extraordinary circumstances." Hi-Lex Controls, Inc. v. BCBSM, No. 13-1773/13-1859 (6th Cir. Aug. 27, 2013). Accordingly, the Court finds that a stay of this case pending the Sixth Circuit's decision in Hi-Lex best effectuates the goals of judicial economy and will not prejudice Plaintiffs.

In response to Plaintiffs' argument regarding collateral estoppel, the Court recognizes that the instant matter involves many of the same legal issues as those decided in the Hi-Lex case. But the fact that the Sixth Circuit's decision may affirm, clarify, or reverse some or all of those legal conclusions is a reason to grant the stay, not to rush a decision on collateral estoppel. See, e.g., Lumbermen's Inc., 2013 WL 3835339, at *1. Suffice it to say, the Sixth Circuit's

decision may have a substantial impact on this relatively fresh case and, therefore, a stay pending that ruling is appropriate.  The Court consequently grants Defendant's motion to stay (Dkt. 12).

Lastly, the Court notes that despite requesting a stay of the case, Defendant filed a motion to dismiss on September 27, 2013.  Mot. to Dismiss (Dkt. 17).  Presumably, the arguments Defendant raises in that motion may be moot or need to be modified depending on the Sixth Circuit's resolution of the Hi-Lex matter.  Accordingly, Defendant's motion to dismiss is denied without prejudice.

In conclusion:

Defendant's motion to stay (Dkt. 12) is granted.  This matter is stayed pending resolution of the Hi-Lex matter, including any appeal and proceeding on writ of certiorari to the United States Supreme Court;

Defendant's motion to dismiss (Dkt. 17) is denied without prejudice;

The clerk is instructed to close the case without prejudice for administrative and statistical purposes.  This closing is not a decision on the merits.  Any party may file a motion to reopen the matter upon the issuance of a mandate by the Court of Appeals in the Hi-Lex matter.

SO ORDERED.

Dated:  October 15, 2013           s/Mark A. Goldsmith
Flint, Michigan           MARK A. GOLDSMITH
          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2013.

          s/Deborah J. Goltz
          DEBORAH J. GOLTZ

                                                                  Case Manager